IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| REVELSTOKE VENTURE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00963-O-BP |
| | § | |
| ELISHA HOLLOWAY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants apparently attempted to remove this case from the County Court at Law Number One of Tarrant County, Texas, Cause No. 2023-005682-1, under 28 U.S.C. §§ 1331 and 1332, on September 21, 2023. ECF No. 1. The Court entered a Notice of Deficiency and Order on September 28, 2023, which stated that the Notice of Removal did not comply with 28 U.S.C. § 1446 and Local Civil Rule 81.1. ECF No. 5. The Court ordered the Defendants to file an amended notice of removal with necessary attachments that complied with the statute and local rule on or before October 12, 2023. *Id.* The order also warned Defendants that failure to comply "may result in a recommendation that this case be remanded to state court." *Id.* Defendants failed to file an amended notice of removal within the time period ordered by the Court. On November 8, 2023, Defendant Elisha N. Holloway ("Holloway") apparently attempted to remedy the removal's deficiencies by filing a complaint, styling herself as the plaintiff and Plaintiff Revelstoke Ventures LLC ("Revelstoke") as the defendant. ECF Nos. 7-8.

Because Defendants have failed to show how the Court has jurisdiction over this case, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **REMAND** the

case to the County Court at Law Number One of Tarrant County, Texas, from whence it was removed.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*,

138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

Defendants seems to seek removal based on federal question jurisdiction. *See* ECF Nos. 1, 7-8. "[A] defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case arises under federal law." *Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 695-96 (5th Cir. 2017) (emphasis in original) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983); *see also Tobacco & Wine, Inc. v. Cnty. of Dallas*, 456 F. Supp. 3d 788, 791-92 (N.D. Tex. 2020) ("Whether an action is removable based on federal question jurisdiction is determined by the allegations in the plaintiff's 'well-pleaded complaint' at the time of removal."). Further, the plaintiff's complaint must present a federal question, as the complaint "stands at the time the petition for removal is filed and the case seeks entry into the federal system." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326 (5th Cir. 1998). If a defendant raises a federal question as a matter of defense or as a counterclaim, "it is insufficient" to establish federal question jurisdiction. *Id.*

In their original pleading, which the Court construes as a Notice of Removal, Defendants did not include a copy of the state court docket sheet or the original petition filed in state court. ECF No. 1. Nor did they include any other documents served upon them in the state court action. *Id.* Further, they do not allege facts from which the Court may infer that a federal claim was apparent at the time of removal. On the face of Defendants' filings, they assert that Revelstoke violated the Fair Housing Act, the Americans with Disabilities Act, and Defendants' right to privacy. *See* ECF Nos. 1, 7-8. But these are affirmative defenses or counterclaims and are thus insufficient to establish federal question jurisdiction. *Metro Ford Truck Sales, Inc.*, 145 F.3d at 326. Also, to the extent Defendants disagree with the outcome of their underlying state court case,

"removal to federal district court cannot serve as a substitute for filing an appeal in state court." *Searcy v. Orchard Nat'l Title*, No. 3:21-cv-01910-X-(BT), 2021 WL 6065960, at *2 (N.D. Tex. Nov. 4, 2021) (citing *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).

Therefore, because Defendants have not "affirmatively and distinctly" shown how the Court has subject matter jurisdiction over the case, Judge O'Connor should remand the case to the County Court at Law Number One of Tarrant County, Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 17, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4